# IN THE U.S. DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
*Eastern* ~~NORTHERN~~ DIVISION

2007 DEC 27  P 12: 12

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| JERRY BAKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 3:07cv 1127 - WKW |
| | ) | |
| RUSSELL CORPORATION, | ) | JURY DEMAND |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

### I. INTRODUCTION

1. This is a civil rights action for legal and equitable relief to redress the deprivation of rights guaranteed by the Constitutions and laws of the United States and the State of Alabama, *i.e.*, unlawful race discrimination in employment and violations of state tort law.

2. Plaintiff's claims are based upon Title VII of the Civil Rights Act of 1964 as amended, codified at 42 U.S.C. §§ 1981a & 2000(e), *et seq.*; and pursuant to 42 U.S.C. § 2000e-5(f)(3) & (g); 42 U.S.C. § 1981.

### II. JURISDICTION

3. This Court has jurisdiction over this cause pursuant to 28 U.S.C. §§ 1331 and 1343. In addition, the jurisdiction of this Court is pursuant to 28 U.S.C. §§ 2201 & 2202 (Declaratory Judgment Act). Furthermore, jurisdiction over Plaintiff's claims for injunctive relief, costs, expenses and attorney fees is additionally conferred by 42 U.S.C. § 1988.

4. Plaintiff has exhausted all of the necessary administrative prerequisites. Plaintiff timely filed a Charge of Discrimination with the EEOC on November 17, 2006. This lawsuit is filed within 90 days of receipt of the EEOC's Notice of Right to Sue issued on October 1, 2007.

5. All of the acts complained of herein relate to Plaintiff's place of employment within the Middle District of Alabama.

6. Jurisdiction over Plaintiff's Claims based on Alabama law exists under the doctrine of supplemental jurisdiction 28 U.S.C. § 1391.

### III. THE PARTIES

7. Plaintiff Jerry Baker is an African-American male citizen of the United States and a resident of the State of Alabama. Plaintiff was unlawfully discharged from his position with Defendant on April 12, 2006.

8. Defendant Russell Corporation is a manufacturer of athletic shoes, apparel, and sports equipment. Defendant is incorporated under the laws of Delaware and operates a warehouse in Alexander City, AL which manufactures then decorates various sports team uniforms which are then sold to the company's customers.

9. Defendant is an employer within the meaning of Title VII and is subject to suit under all of the claims alleged herein.

### IV. FACTUAL BACKGROUND

10. Plaintiff began his employment with Defendant in 1980.

11. From 1990 until his termination, Plaintiff was a supervisor.

12. While a supervisor, Plaintiff was never reprimanded or otherwise disciplined and received satisfactory evaluations.

13. At the time of his unlawful termination, Plaintiff supervised at least 25 employees who worked in different areas of the warehouse.

14. Plaintiff was responsible for the time and attendance records of these employees.

15. Since the employees under Plaintiff's supervision worked in different areas of the warehouse and used different time clocks, Plaintiff was not always able to see when employees arrived to work.

16. Each supervisor had the authority to change or modify an employee's electronic timesheet in order to correct errors that could occur for various reasons, such as the employee forgetting to clock in or out, a malfunctioning clock device, or for a defective employee identification card.

17. If such errors occurred resulting in the employee's time not being accurately recorded, the supervisors were instructed to override what the system had recorded on the employee's timesheet in order to reflect that the employee worked their regularly scheduled hours.

18. As a supervisor, Plaintiff consistently performed his responsibilities and duties in a manner to which he had been trained.

19. Plaintiff's immediate supervisor was Larry Keel, a white male.

20. Keel also had the authority to change the attendance and time of employee's under Plaintiff's supervision.

21. Keel often used Plaintiff's log on information to change the electronic timesheets for employees under Plaintiff's supervision.

22. By Keel utilizing Plaintiff's log on information, it would appear that Plaintiff was making the changes in an employee's attendance record.

3

23. Anthony Thomas, a black male, was an employee that worked under Plaintiff's supervision.

24. Thomas has attendance problems.

25. On several occasions, Plaintiff reprimanded Thomas for his attendance problems.

26. However, on other occasions, Plaintiff had to edit Thomas' electronic timesheet for legitimate reasons.

27. Outside of being his supervisor, Plaintiff did not have a special relationship with Thomas.

28. Plaintiff did not change or otherwise edit Thomas' electronic timesheets so that Thomas would avoid disciplinary action.

29. Plaintiff treated Thomas no differently than other employees under his supervision.

30. On April 12, 2006, Plaintiff was terminated for allegedly falsifying Thomas' employment records.

31. Plaintiff did not falsify employment records or engage in any behavior that would jeopardize his twenty-five years of employment with Defendant.

32. Plaintiff was replaced by Ray, a white male from the art department with less experience and seniority than Plaintiff.

33. White supervisors frequently edited the electronic timesheets for employees under their supervision in the manner similar to that of Plaintiff but were not disciplined.

34. Further, white employees engaged in activities more egregious than those Plaintiff was accused of were retained by Defendant and oftentimes promoted to higher management positions.

4

35. Shortly before his termination, Plaintiff learned that white supervisors with less seniority and experience than him were paid higher salaries.

36. Plaintiff complained to Keel that he was not being compensated at the same rate as other similarly situated white supervisors.

37. Keel could not explain the discrepancy, but instead advised Plaintiff that he would have to continue to work at his current rate.

38. Upon information and belief, Plaintiff's department manager, Michelle Warren was aware of Plaintiff's complaints about his salary.   Warren is a white female.

39.  Plaintiff's treatment is part of a pattern and practice of racial discrimination which includes the payment of lower wages than similarly situated white supervisors, awarding lower raises than similarly situated white supervisors, and other adverse terms and conditions of employment.

40. Plaintiff was discriminated against in the terms, conditions and privileges of employment, as stated above, based on his race and because he has opposed race discrimination.

41. Plaintiff was directly affected by said discriminatory practices and by being deprived of the opportunity to work in an environment free of racial discrimination.  Such discrimination denied Plaintiff the right to work in a racially integrated work environment and otherwise affected his opportunity for enjoyment of work as compared to white employees.

42. As a result of said injury and damage, Plaintiff is entitled to back pay with interest, reinstatement to full-time employment at a proper location, front pay, and compensatory and punitive damages, attorneys' fees and costs.

## CLAIM ONE
## VIOLATION OF TITLE VII, 42 U.S.C. § 2000e *et seq.*
### (Discrimination on the Basis of Race)

43. Plaintiff adopts and realleges the above paragraphs as if fully set out herein.

44. Plaintiff is a member of a class protected by 42 U.S.C. § 2000e *et seq.* and is qualified for employment with Russell Corporation.

45. The conduct of Defendant, as set forth herein, constitutes unlawful retaliation against Plaintiff on the basis of race, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and is part of Defendant's pattern and practice of discrimination on the basis of race.

46. Plaintiff was denied a work environment free of discrimination and was not given equal opportunity in the terms and conditions of his employments.

47. Defendant's said treatment of Plaintiff on the basis of race altered the terms and conditions of Plaintiff's employment and unreasonably interfered with Plaintiff's opportunity and ability to perform his job.

48. As a direct and proximate result of said acts, Plaintiff has suffered loss of employment, loss of income, loss of other employment benefits, mental and emotional distress, humiliation, loss of self esteem, depression, expense, embarrassment, and damage to his reputation.

## CLAIM TWO
## VIOLATION OF 42 U.S.C. § 1981
### (Discrimination on the Basis of Race)

49. Plaintiff adopts and realleges the above paragraphs as if fully set out herein.

50. Plaintiff is a member of a class protected by 42 U.S.C. § 1981 and is qualified for employment with Russell Corporation.

6

51. The conduct of Defendant, its agents and employees constitutes unlawful discrimination and retaliation against Plaintiff on the basis of race, in violation of 42 U.S.C. § 1981, and constitutes part of Defendant's pattern and practice of discrimination on the basis of race.

52. As a direct and proximate result of said acts, Plaintiff has suffered and continue to suffer loss of employment, loss of income, loss of other employment benefits, mental and emotional distress, humiliation, loss of self esteem, depression, expense, embarrassment, and damage to his reputation.

**CLAIM THREE**
**NEGLIGENT SUPERVISION AND TRAINING**

53. Plaintiff adopts and realleges the above paragraphs as if fully set out herein.

54. This is a claim arising under the law of the State of Alabama claiming that Defendant committed the tort of negligent supervision and training.

55. At all relevant times, the Defendant was and continues to be responsible for the training and supervision of its supervisors at the Alexander City location.

56. The conduct of the Defendant, as set forth above, was a breach of said Defendant's duty to Plaintiff to exercise care in supervising and training employees, and such breach proximately caused Plaintiff to be discriminated and retaliated against, suffer humiliation, mental pain and anguish, and all other injuries outlined herein, all to Plaintiff's damage.

**CLAIM FOUR**
**NEGLIGENT RETENTION**

57. Plaintiff adopts and realleges the above paragraphs as if fully set out herein.

7

58. This is a claim arising under the law of the State of Alabama claiming that Defendant committed the tort of negligent retention.

59. The conduct of the Defendant, as set forth above, was a breach of its duty to Plaintiff to exercise care in retaining employees, and such breach proximately caused him to be discriminated and retaliated against, suffer humiliation, mental pain and anguish, and all other injuries outlined herein, all to Plaintiff's damage.

## CLAIM FIVE
## NEGLIGENCE

60. Plaintiff adopts and realleges the above paragraphs as if fully set out herein.

61. This is a claim arising under the law of the State of Alabama claiming that Defendant committed the tort of negligence.

62. Defendant, by its actions and omissions, breached the standard of care owed to Plaintiff while an employee of said Defendant. The conduct of said Defendant, as set forth herein, was a breach of its duty to Plaintiff to exercise due care.

63. The conduct of Defendant, as set forth above, was a breach of its duty to Plaintiff to exercise due care, and such breach proximately caused him to be discriminated and retaliated against, suffer humiliation, mental pain and anguish and all other injuries outlined herein, all to Plaintiff's damage.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment against Defendant:

8

(a)     Declaring that the acts and practices complained of herein are in violation

        of Title VII, 42 U.S.C. §§ 1981, and 2000e *et seq.*, and state tort law;

(b)     Ordering Defendant, Russell Corporation to make Plaintiff whole by

        providing appropriate front pay, back pay and interest thereon, and

        reimbursement for lost compensation, social security, prejudgment

        interest, and all other entitlements and emoluments in an amount to be

        shown at trial, and other affirmative steps immediately to eliminate the

        effects of the discriminatory practices complained of herein;

(c)     Granting to Plaintiff reasonable attorneys' fees, expert fees, costs, and

        expenses incurred herein, 42 U.S.C. §§ 1988 & 2000e-5(k);

(d)     Granting to Plaintiff compensatory and punitive damages to the extent

        permitted by law;

(e)     Retaining jurisdiction over this action until the Defendant, Russell

        Corporation has fully complied with the Orders of this Court and requiring

        said Defendant to file such reports as may be necessary to supervise such

        compliance;

(f)     Ordering Defendant, Russell Corporation, to adopt and strictly enforce

        written rules prohibiting discrimination and retaliation in the workplace;

        that such rules provide for the prompt and appropriate investigation of all

        related complaints; and that such rules require formal disciplinary action

        to be taken against any employee or agent found to have engaged in such

        discrimination or retaliation against any employee;

9

(h)    Granting such other, further, and different relief to Plaintiff which it may

deem proper.

Respectfully submitted this 27th day of December, 2007.


_Maricia Woodham_
MARICIA WOODHAM (*BEN050*)
Attorney for Plaintiff


**OF COUNSEL:**
Sabel & Sabel, P.C.
Hillwood Office Center
2800 Zelda Rd.; Suite 100-5
Montgomery, AL 36106
Telephone:    (334) 271-2770
Facsimile:    (334) 277-2882


### JURY DEMAND

Plaintiff respectfully demands a trial by jury on all issues so triable.


_Maricia Woodham_
MARICIA WOODHAM
Attorney for Plaintiff


10

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the foregoing Complaint has been served upon the following:

Russell Corporation
c/o M. Clayton Humphries, Jr., Registered Agent
755 Lee Street
Alexander City, AL 35010

by delivering same to the Clerk of the United States District Court for the Middle District of Alabama, Northern Division, with instructions to mail, via certified mail, first class postage provided and prepaid and properly addressed on this the 27th day of December, 2007.

_____
MARICIA WOODHAM

CORRECTED

Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602002440
Cashier ID: brobinso
Transaction Date: 12/27/2007
Payer Name: SABEL AND SABEL
-----------------------------------
CIVIL FILING FEE
 For: SABEL AND SABEL
 Case/Party: D-ALM-3-07-CV-001127-001
 Amount:        $350.00
-----------------------------------
CHECK
 Check/Money Order Num: 9334
 Amt Tendered:  $350.00
-----------------------------------
Total Due:       $350.00
Total Tendered:  $350.00
Change Amt:      $0.00

BAKER V. RUSSELL CORP