UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **JERRY BAKER,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **RUSSELL CORPORATION,** | ) Civil Action No. 3:07cv1127-WKM |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |
| | ) |

## ANSWER

Defendant Russell Corporation ("Russell") for answer to the Plaintiff's complaint states as follows:

1. This paragraph merely describes the nature of this action and requires no responsive pleading.

2. Russell admits that the Plaintiff seeks to assert claims under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981, but denies that it violated the statutes.

3. Russell does not contest subject matter jurisdiction.

4. Russell denies that the Plaintiff has satisfied all necessary administrative prerequisites for all of the claims asserted in this case. Russell

admits the Plaintiff filed a charge of discrimination with the EEOC on or about November 17, 2006, but denies that the Plaintiff alleged in the charge all of the allegations contained in this lawsuit. Russell admits that the EEOC issued a Right to Sue Notice on or about October 1, 2007.

5. Russell does not contest venue in this matter.

6. Russell does not dispute pendent jurisdiction over the Plaintiff's state law claims. Russell denies that those claims are meritorious.

7. Russell admits the Plaintiff is an African American male citizen of Alabama and that his employment with Russell was terminated on or about April 12, 2006. Russell denies that this termination was unlawful, however.

8. Russell admits that it manufactures athletic apparel and sports equipment and that it has operations in Alexander City, Alabama. Russell denies the remaining allegations of this paragraph.

9. Admitted.

10. Admitted.

11. Admitted.

12. Denied.

13. Russell admits that at the time of his termination, Plaintiff supervised approximately 25 employees, but Russell denies that the termination was unlawful,

or that the employees the Plaintiff supervised worked in different areas of the warehouse.

14. Russell admits that the Plaintiff was responsible for supervising employees assigned to him, which included making sure that records of hours worked were correct.

15. Denied.

16. Admitted.

17. Admitted.

18. Denied.

19. Russell admits that Larry Keel was the Department Manager over the department where the Plaintiff worked for a period of time.

20. Denied.

21. Denied.

22. Denied.

23. Admitted.

24. Admitted.

25. Denied.

26. Denied.

27. At the present time Russell is without sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and therefore deny them.

28. Denied.

29. Denied.

30. Admitted, although the effective date of the termination dated was April 18, 2006.

31. Denied.

32. Denied

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43.     Russell incorporates herein its responses to Paragraphs 1 through 42 of the complaint.

44.     Russell admits Plaintiff is African American, but denies that it violated Title VII.

45.     Denied.

46.     Denied.

47.     Denied.

48.     Denied.

49.     Russell incorporates herein its responses to Paragraphs 1 through 48 of the complaint.

50.     Russell admits that African Americans can, under certain circumstances, assert claims under 42 U.S.C. §1981, but denies that it violated that statute.

51.     Denied.

52.     Denied.

53.     Russell incorporates herein its responses to Paragraphs 1 through 52 of the complaint.

54.     This paragraph simply describes this cause of action and requires no responsive pleading.

55. Russell admits that Alabama law recognizes a cause of action for negligent training and supervision, but denies that it committed this tort.

56. Denied.

57. Russell incorporates herein its responses to Paragraphs 1 through 56 of the complaint.

58. This paragraph simply describes this cause of action and requires no responsive pleading.

59. Denied.

60. Russell incorporates herein its responses to Paragraphs 1 through 59 of the complaint.

61. This paragraph simply describes this cause of action and requires no responsive pleading.

62. Denied.

63. Denied.

64. Except as expressly herein admitted, Russell denies all material allegations of the complaint.

## FIRST DEFENSE

The Plaintiff alleges that he filed his EEOC charge more than 180 days after he was terminated. The Plaintiff's claims under Title VII are barred to the extent he did not file an EEOC charge within 180 days of the employment action which

he seeks to challenge. Regarding his pay claim, the only actionable employment action is a pay setting decision. See Ledbetter v. The Goodyear Tire & Rubber Co.

## SECOND DEFENSE

The Plaintiff is barred from litigating in this action under Title VII claims which were not asserted in or are not like or related to the claims asserted in the EEOC charge which forms the predicate for this action. For example, the Plaintiff made no claim of pay discrimination in his EEOC charge.

## THIRD DEFENSE

The Plaintiff's claim for punitive damages under the federal law causes of actions are barred because he has not pled and cannot prove facts sufficient to support such an award, and Defendant pleads all defenses available under Kolstad v. American Dental Association.

## FOURTH DEFENSE

The Plaintiff's claims for punitive damages under Alabama law are barred because he has not pled and cannot prove facts sufficient to support such an award and the Defendant pleads all defenses and limitations available on an award of punitive damages under Alabama law whether arising from the federal or state constitution, statutes, or common law principles.

## FIFTH DEFENSE

To the extent the Plaintiff seeks to assert claims based upon events which occurred prior to the charge filing period, Russell pleads the defense of latches.

## SIXTH DEFENSE

To the extent the Plaintiff has failed to mitigate his damages, his claim for backpay fails as a matter of law.

WHEREFORE, Ready Mix requests judgment in its favor, including costs.

Respectfully submitted,

s/ Jay St. Clair
Jay St. Clair (STC001)
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
E-mail: jstclair@bradleyarant.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 28, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Marcia Woodham, Esquire
Sabel & Sabel, P.C.
2800 Zelda Road, Suite 100-5
Montgomery, Alabama 36106
Phone: 334-271-2770
Fax: 334-277-2882

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: N/A.

s/ Jay St. Clair<br>
OF COUNSEL